IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ROBERT HEFFERNAN                                                                                  PLAINTIFF

v.                              Civil No.: 6:18-CV-06084

JASON M. KELLY and DR. NANNETTE L. VOWELL                  DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff proceeds in this matter *pro se* pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Plaintiff's complaint was provisionally filed subject to a later determination of whether his *in forma pauperis* (IFP) application should be granted. The question of Plaintiff's IFP status is currently before the Court.

### I. BACKGROUND

Plaintiff filed his Complaint on September 6, 2018. (ECF No. 1). Plaintiff is currently incarcerated in the Arkansas Department of Correction Ouachita River Unit. (*Id*. at 2). Plaintiff alleges Defendants Jason Kelley and Dr. Nannette Vowell, both identified as employees of Correct Care Solutions, violated his federal constitutional rights. He additionally alleges they violated his rights under the Americans with Disabilities Act and the Federal Audio Book program. (*Id*. at 5).

Plaintiff alleges he had cataract surgery on December 26, 2017, at the Jones Eye Institute. (*Id*. at 5). Since the surgery, he has not been able to read. Plaintiff alleges he also suffers from diabetes, macular degeneration, dyslexia, Alzheimer's, and at some point prior had a stroke. (*Id*.

1

at 6). At a post-surgery follow-up appointment he alleges he discussed a federal free audiobook program with his eye surgeon, Dr. Sallam, who signed his application for the program. (*Id*. 6). As his Exhibit A, Plaintiff attached an application for free library services addressed to the Arkansas State Library, Services for the Blind and Physically Handicapped. (ECF No. 1-1).

Plaintiff alleges Defendant Vowell denied his application for the audiobook program. Plaintiff then wrote to Defendant Kelley, who "would do nothing." (*Id*. at 8-10).

Plaintiff seeks compensatory and punitive damages. He also seeks declaratory and injunctive relief, a jury trial, costs, and prospective relief. (*Id*. at 16).

## II. LEGAL STANDARD

As part of the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, signed into law on April 26, 1996, section1915, which governs proceedings filed in forma pauperis, was amended in an effort to address concerns about, and reduce the number of, frivolous prisoner initiated lawsuits. 28 U.S.C. § 1915. Prior to the PLRA's amendments to § 1915, a prisoner who attained in forma pauperis status was exempted from paying court fees. After the enactment of the PLRA, prisoners granted IFP status are required to pay the filing fee albeit in installments. 28 U.S.C. § 1915(b).

The PLRA also added subsection 1915(g) which limits the ability of a prisoner, who has filed at least three claims that have been dismissed as frivolous, malicious, or failing to state a claim, to obtain in forma pauperis status. Specifically, § 1915(g) provides that:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision has commonly become known as the "three strikes rule" or

the "three strikes provision" and has withstood constitutional challenges. *See e.g. Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

### III. ANALYSIS

The three strikes rule applies to Plaintiff. He has at least three previous actions that qualify as strikes against him under section 1915(g). *See Heffernan v. McDaniel*, No. 4:12CV00013 SWW (E.D. Ark. Feb. 24, 2012) (denying Plaintiff's IFP application due to his three-strike status).

Plaintiff alleges that he has been denied access to an audio book program. While the Court is sympathetic to his plight, there is no allegation in this case that Plaintiff is currently under imminent danger of serious physical injury. *Cf. Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (finding allegations of ongoing danger sufficient where prisoner specified two incidents where he had suffered harm and allegations were supported by documentary evidence, including corroborative prisoner disciplinary reports).[1] Therefore, Plaintiff is not eligible for IFP status.

### IV. CONCLUSION

Accordingly, I recommend that Plaintiff's IFP application be denied pursuant to 28 U.S.C. § 1915(g), and that he be allowed fifteen (15) days to tender to the United States District Clerk the proper filing fee. It should be noted that, in the event that Plaintiff tenders the filing fee, he will also be responsible for other costs associated with this action, such as costs of service and fees for the issuance of any requested subpoenas. However, in the event that Plaintiff fails to tender the filing fee in the time period allowed, I recommend that his Complaint be dismissed without prejudice to his right to re-file it with the appropriate filing fee. *See Witzke v. Hiller,* 966 F. Supp.

---

[1] In *Ashley v. Dilworth,* 147 F.3d 715 (8th Cir. 1998), the Eighth Circuit held that "an otherwise ineligible prisoner is only eligible to proceed IFP if he is in imminent danger at the time of the filing. Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger this exception to § 1915(s) and authorize the prisoner to pay the filing fee on the installment plan." *Id.* at 717.

538, 540 (E.D. Mich. 1997) (revoking IFP status under section 1915(g) and dismissing action without prejudice to inmate's right to re-file it upon payment of filing fee).

In addition, Plaintiff is precluded from filing any future civil action IFP unless he is under imminent danger of serious physical injury. It is therefore recommended that the following order be entered:

> The clerk of this court is directed to provisionally file any new action in which Robert Heffernan seeks to proceed IFP. The magistrate judge shall then review the action and, if it is a civil action, rather than a criminal or habeas one, and, if Heffernan has not asserted a valid claim that he is under imminent danger of serious physical injury, the magistrate judge shall recommend that IFP status be denied.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **24th day of September 2018**.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE