IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ROBERT HEFFERNAN                                                                                    PLAINTIFF

v.                                    Case No. 6:18-cv-06084

JASON M. KELLY and
DR. NANNETTE L. VOWELL                                                                           DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed September 24, 2018, by the Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas. ECF No. 5. Plaintiff has filed timely objections. ECF No. 6. The Court finds this matter ripe for consideration.

## DISCUSSION

In the instant Report and Recommendation, Judge Marschewski recommends that Plaintiff's application to proceed *in forma pauperis* ("IFP")[1] be denied pursuant to 28 U.S.C. § 1915(g) and that the Court allow him fifteen days to pay the required filing fee. Section 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious,

---

[1] Plaintiff has stated that he does not seek to proceed IFP. *See* ECF No. 2, p. 1, ¶ 2. Nonetheless, the document before Judge Marschewski—titled as a "Declaration in Support of Motion to Proceed, Without Prepayment of Fees or Security Therefor, in Filing of His Civil Complaint"—was docked as a motion to proceed IFP. Upon review of the "declaration" and the record, the Court finds that the record clearly shows that Plaintiff wishes to proceed "without prepayment of fees or security therefor" as contemplated by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, it is evident that, notwithstanding his assertions otherwise, Plaintiff seeks IFP status.

> or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Judge Marschewski found that Plaintiff had "at least three previous actions that qualify as strikes against him under section 1915(g)" and that he had not alleged that he was under imminent danger of serious physical injury. ECF No. 5, p. 3. Accordingly, Judge Marschewski found that Plaintiff is not eligible to proceed IFP.

In his objections, Plaintiff states that he did not request to proceed IFP and, regardless, asserts that 28 U.S.C. § 1915(b)(4) constitutes an exception to 28 U.S.C. § 1915(g) that entitles him to proceed without prepayment of the filing fee. Section 1915(b)(4) states that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." Plaintiff claims that Judge Marschewski failed to consider this "exception." Accordingly, Plaintiff asserts that he should not be required to prepay the filing fee and that his case should not be dismissed for failure to pay that fee.

Upon consideration, the Court finds Plaintiff's objections unconvincing. Judge Marschewski found that Plaintiff has at least three strikes as contemplated by section 1915(g) and has failed to allege that he is in imminent danger of serious physical harm. Plaintiff does not challenge these findings. Accordingly, under section 1915(g), Plaintiff cannot proceed IFP and he must pay the required filing fee.

Furthermore, to the extent Plaintiff asserts that 28 U.S.C. § 1915(b)(4) constitutes an "exception" to section 1915(g), he is incorrect. Although section 1915(b)(4) states, in relevant part, that a prisoner cannot be barred from bringing a civil action because he has no assets or means to pay "the initial partial filing fee," that section applies where a prisoner does not have three prior strikes. *See Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997) (explaining that 28 U.S.C. § 1915

differentiates between prisoners without three strikes and prisoners with three strikes as to method of paying filing fee). Judge Marschewski, however, found that Plaintiff has three prior strikes. Accordingly, section 1915(b)(4) is inapplicable under the present circumstances.

## CONCLUSION

For the foregoing reasons, the Court hereby **ADOPTS** Judge Marschewski's Report and Recommendation (ECF No. 5) *in toto*. Accordingly, Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) should be and hereby is **DENIED**. Plaintiff shall have fifteen (15) days from the date of this order in which to tender to the Clerk of Court the proper filing fee. If Plaintiff fails to pay the proper filing fee, his case will be dismissed without prejudice to his right to re-file with the appropriate filing fee. Furthermore, the Clerk of Court is directed to provisionally file any future action in which Plaintiff seeks to proceed IFP. The appropriate magistrate judge shall then review the action and, if it is a civil action rather than a criminal or habeas action and if Plaintiff has not asserted a valid claim that he is under imminent danger of serious physical injury, the magistrate judge shall recommend that IFP status be denied.

**IT IS SO ORDERED**, this 25th day of October, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge